NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5142

DOUGLAS S. McGLOHON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  January 19, 2005

_____

Before MICHEL, Chief Judge, NEWMAN, and PROST, Circuit Judges.

PER CURIAM.

Plaintiff-Appellant, Douglas S. McGlohon ("McGlohon"), appeals the decision of the United States Court of Federal Claims dismissing his complaint as barred by a six-year statute of limitations.  McGlohon v. United States, No. 04-50C (Fed. Cl. June 17, 2004) ("McGlohon I"); No. 04-50C (Fed. Cl. August 4, 2004) ("McGlohon II").  McGlohon asserts that he is entitled to compensation for wrongful discharge from the Army on July 11, 1977, or in the alternative, that he is entitled to disability pay from the 1977 discharge.  The United States counters that the statute of limitations bars his claims, which accrued on the date of the 1977 discharge.  We agree with the government that the claims accrued on July 11, 1977, and thus, that the United States Court of Federal

Claims properly dismissed McGlohon's claim as barred under the statute of limitations. We affirm.

BACKGROUND

On June 7, 1977, McGlohon began service as a private in the United States Army. Before entering duty, McGlohon underwent and passed a physical examination. About a month after starting active duty, physicians at Reynolds Hospital diagnosed McGlohon as disabled. On July 11, 1977, as a result of a military medical board decision, McGlohon was honorably discharged from the Army. The reason given for his discharge was a "condition which was neither incurred nor aggravated during any period of service." McGlohon further claims full awareness of his condition at the time of his discharge in 1977.

On January 6, 2004, McGlohon filed suit in the United States Court of Federal Claims. First, McGlohon alleged various tort claims of negligence for the medical treatment received while in the Army. Second, McGlohon alleged that the Army wrongfully discharged him. Third, McGlohon alleged that, in the alternative, any disability occurred during his time in the Army, which the court construed as two separate claims: (1) a tort claim for his injury and (2) a claim for retirement disability pay. McGlohon contended that these violations resulted in lost wages.

The United States Court of Federal Claims ultimately dismissed all of McGlohon's claims either for lack of subject matter jurisdiction or as barred by the statute of limitations. In its decision on June 17, 2004, the court found that McGlohon's claims of negligence on the part of the Army physicians "are plainly tortious in nature," for which the court lacks subject matter jurisdiction under the Federal Torts Claim Act. The court

04-5142                                    2

similarly found that the alternative claim that McGlohon's disability occurred during his time in the Army was also tortious in nature and, further, that the court lacked subject matter to decide a claim for "injuries that were incidental to service." The court then found that the wrongful discharge claim was barred by the six-year statute of limitations under 28 U.S.C. § 2501, but ordered further briefing on the question of whether the statute of limitations similarly barred the claim for disability pay.

In its decision on August 4, 2004, the Court of Federal Claims found that the statute of limitations barred McGlohon's claim for disability pay, as well. McGlohon alleged that his discharge was a result of a military medical board decision, and furthermore, that he was aware of his condition at the time of his discharge. Therefore, by McGlohon's own admission, he was on notice of his disability and of the discharge as of the date of discharge. The court found that McGlohon filed his claims for wrongful discharge and disability pay twenty years after the six-year required statute of limitations had started, and thus that they must be dismissed as barred under 28 U.S.C. § 2501.

We have jurisdiction to hear appeals from the United States Court of Federal Claims pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

McGlohon appeals the United States Court of Federal Claims' dismissal of his claim of military disability pay for want of jurisdiction. Specifically, he appeals the dismissal of his claim as barred under the six-year statute of limitations.

We conclude that the United States Court of Federal Claims properly dismissed McGlohon's claim for military disability pay. The six-year statute of limitations set forth in 28 U.S.C. § 2501 bars any claim that is filed six years after the claim accrues. This

court has noted, "The generally accepted rule is that claims of entitlement to disability retirement pay do not accrue until the appropriate board either finally denies such a claim or refuses to hear it." Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990). See also Friedman v. United States, 310 F.2d 381, 389 (Ct. Cl. 1962) ("The court has consistently held that Congress has entrusted the military boards with the task of determining whether a serviceman should be retired for disability and therefore that no cause of action arises (and the statute of limitations does not run) until a proper board has acted or declined to act."). We have further noted, "[T]here are circumstances under which the service member's failure to request a hearing board prior to discharge has been held to have the same effect as a refusal by the service to provide board review." Real 906 F.2d at 1560. When a veteran is aware of his disability at the time of discharge, does not request or receive a board hearing, and has knowledge that the disability is permanent, service-connected, and not the result of his own misconduct, the statute of limitations period starts at the time of discharge. Id. at 1561-63. That is the case here.

Although it is unclear whether McGlohon sought a board review, McGlohon was discharged from the Army on July 11, 1977 as the result of a military medical board decision. Consequently, the statute of limitations began running at the time of his discharge in 1977. Furthermore, by his own admission, he was fully aware of his condition when discharged, so that his claim accrued at the date of discharge. McGlohon filed suit in the United States Court of Federal Claims on January 6, 2004, almost twenty-seven years after the statute of limitations began running and well in

excess of the six-year statute of limitations period.  Therefore, McGlohon's claim for military disability benefits was properly dismissed.

McGlohon appears to argue on appeal that the decision by the United States Court of Federal Claims in McGlohon I granted him disability retirement pay.  McGlohon asks this court to "affirm" the Court of Federal Claims' decision, despite the dismissal by the Court of Federal Claims of all of McGlohon's claims.  In addition, McGlohon highlights two lines in the Court of Federal Claims' opinion:  (1) "Plaintiff's complaint sets forth the necessary facts to resolve this matter," id. at 1; and (2) "According to the complaint, defendant is liable under both claims," id. at 2.  Although the Court of Federal Claims did acknowledge that McGlohon had a potentially valid claim in its June 17, 2004 order, id. at 4, it subsequently found in its August 4, 2004 order that McGlohon's claim was barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501, McGlohon II at 7.  McGlohon's reference to the June 17, 2004 order is mistaken since that order did not reach the merits of the claims but merely asked for further briefing.

The order of the United States Court of Federal Claims is affirmed.